IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

LEE O. COUNTS, SR.                                                                                           PLAINTIFF

v.                                            Civil No. 6:24-cv-06011-SOH-MEF

DETECTIVE MARK FALLIS
(Hot Springs Police Department);
JUDGE RALPH OHM
(Hot Springs, Garland County Courthouse);
DETECTIVE LARRY PATRICK
(Hot Spring Police Department)                                                                       DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed under 42 U.S.C. § 1983.  Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening pursuant to 28 U.S.C. § 1915A.[1] Under § 1915A, the Court is required to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

### I.      BACKGROUND

Plaintiff filed his Complaint on February 27, 2024.  (ECF No. 1).  He filed his Amended Complaint on May 8, 2024.  (ECF No. 10).  In his Amended Complaint, Plaintiff raises two claims. As his first claim, he alleges that on September 23, 2023, Defendant Fallis called him and asked him to come to the Hot Springs Police Department to discuss who had killed his son, Jamar Smith. (*Id*. at 4).  While he was there, Defendants Patrick and Fallis arrested him for the murder of Larry

---

[1] Enacted as part of the Prison Litigation Reform Act ("PLRA").

1

Wayne Natt, Sr. (*Id*. at 4-5). Plaintiff alleges that Defendants Fallis and Patrick entrapped him, falsely accused him of a crime he did not commit and have held him against his will. (*Id*. at 5). He alleges he lost material for his house, his family was threatened, friends were lost, and his character was defamed. (*Id*.). Plaintiff proceeds against these Defendants in their individual capacity only. (*Id*.).

As his second claim, Plaintiff alleges that Circuit Court Judge Ohm violated his right to a speedy trial and issued an excessive bail amount, keeping Plaintiff in jail. (ECF No. 10 at 5-6). Plaintiff proceeds against Judge Ohm in his individual capacity. (*Id*. at 7).

Plaintiff seeks compensatory damages in the amount of "$50 million or the max and immediate release pending trial." (ECF No. 10 at 9).

Plaintiff does not identify the criminal case in question. The Court reviewed his state records, however, and located *State v. Lee Oliver Counts, Sr.*, Case No. 26CR-23-819.[2] On April 23, 2025, the State moved to *Nolle Prosequi* the case "due to further investigation." The Motion was granted that same day.

## II.    LEGAL STANDARD

Under § 1915A, the Court is obliged to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or

---

[2] Information publicly available on Search ARCourts, link available on arcourts.gov (last accessed May 15, 2025).

2

it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up). However, the complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.  ANALYSIS

The Hon. Ralph Ohm is an Arkansas Circuit Court Judge in the Eighteenth East Judicial Circuit.[3] As a Circuit Judge he is immune from suit. "Few doctrines were more solidly established at common law than the immunity of judges for liability for damages for acts committed within their judicial jurisdiction." *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967). The Supreme Court "has pronounced and followed this doctrine of the common law for more than a century." *Cleavinger v. Saxner,* 474 U.S. 193, 199 (1985) (citation omitted). Judicial immunity is only overcome in two narrow situations: (1) if the challenged act is non-judicial; and (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11

---

[3] Information available on https://arcourts.gov (last accessed May 14, 2025).

(1991). Moreover, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (citations omitted); *see also Bolin v. Story,* 225 F.3d 1134, 1240-42 (11th Cir. 2000) (judicial immunity applies to *Bivens* actions); *Schwartz v. Weinstein*, 459 F.2d 882, 883 (8th Cir. 1972) (judicial immunity applies to actions under 42 U.S.C. § 1985); *Nolan v. Campbell*, 369 F. Supp. 1032, (E.D. Mo. 1974) (judicial immunity applies to actions brought under 42 U.S.C. §§ 1983 & 1981).

### IV.    CONCLUSION

Accordingly, it is RECOMMENDED that Plaintiff's claims against Judge Ohm be DISMISSED WITHOUT PREJUDICE and that Judge Ohm be TERMINATED as a Defendant in this case. Plaintiff's claims against Defendants Fallis and Patrick should remain for service and further review.

*Referral Status*: This case should remain referred for all matters not recommended for dismissal in this Report and Recommendation.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 16th day of May 2025.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE