IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION


LEE O. COUNTS, SR.                                                                    PLAINTIFF

v.                                        Civil No. 6:24-cv-06011-SOH-MEF

DETECTIVE MARK FALLIS;
DETECTIVE LARRY PATRICK
(Both of Hot Springs Police Department)                              DEFENDANTS


## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed under 42 U.S.C. § 1983.  Pursuant to the provisions of 28

U.S.C. §§ 636(b)(1) and (3), the Honorable Susan O. Hickey, United States District Judge, referred

this case to the undersigned for the purpose of making a Report and Recommendation.  Currently

before the Court is Plaintiff's failure to obey a Court Order and Defendants' Motion to Dismiss

Plaintiff's Amended Complaint Pursuant to Local Rule 5.5(c)(2) and Fed. R. Civ. P.

37(B)(2)(A)(V) and 41(b).  (ECF No. 32).

### I.      BACKGROUND

Plaintiff filed his Complaint on February 7, 2024.  (ECF No. 1).  On April 19, 2024, the

undersigned entered a Report and Recommendation recommending that Plaintiff's Complaint be

dismissed because he had failed to submit a completed *in forma pauperis* (IFP) application as

directed, and he had also failed to respond to the Show Cause Order.  (ECF No. 6).  On May 7,

2024, Plaintiff submitted an Objection to the Report and Recommendation and an address change.

(ECF Nos. 7, 8).  On May 8, 2024, Plaintiff submitted an IFP application and an Amended

Complaint. (ECF Nos. 9, 10).  On March 20, 2024, the Honorable Susan O. Hickey gave Plaintiff

the benefit of the doubt and declined to adopt the Report and Recommendation.  (ECF No. 13).  In

her Order, Judge Hickey stated: "Plaintiff is reminded that if he fails to timely comply with all

1

orders, this case will be subject to dismissal for failure to prosecute." Since Plaintiff submitted a Notice of Address Change indicating he had been released from incarceration, Plaintiff was ordered to update his IFP application to reflect his free-world financial status, and he was subsequently granted IFP status. (ECF Nos. 7, 8, 16, 18).

On May 16, 2024, the undersigned entered a preservice screening Report and Recommendation for Plaintiff's Amended Complaint. (ECF No. 19). This Report and Recommendation was adopted, and Defendant Judge Ralph Ohm was terminated as a Defendant in this case. (ECF No. 21).

On December 18, 2025, Defendants submitted a Motion to Compel Discovery Responses from Plaintiff. (ECF No. 29). They noted that Plaintiff failed to provide any response to their discovery requests. (ECF Nos. 29, 30). On December 19, 2025, the Court entered an Order directing Plaintiff to provide the requested discovery responses no later than January 9, 2026. (ECF No. 31). Plaintiff was advised that failure to submit his discovery responses would result in the dismissal of his case. (*Id.*). As Defendants had also requested an extension of the scheduling order deadlines, this request was granted. (ECF Nos. 29, 31). This Order (ECF No. 31) was not returned as undeliverable.

On January 14, 2026, Defendants submitted their Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Local Rule 5.5(c)(2) and Fed. R. Civ. P. 37(B)(2)(A)(V) and 41(b). (ECF No. 32). As grounds, Defendants state that Plaintiff had not responded to their discovery requests as ordered by the Court. (ECF No. 32). They further state that "undersigned counsel has not received any correspondence or documentation from Plaintiff since Defendants filed their motion to compel and extend deadlines." (*Id.* at 1). The request to extend deadlines was filed December 18, 2025. Plaintiff's last communication with the Court was on April 28, 2025. (ECF No. 17).

## II.  LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law.  *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).  The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently.    ...    If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court.  Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order."  *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

## III.  ANALYSIS

The Honorable Susan O. Hickey reminded Plaintiff on March 20, 2025, that "if he fails to timely comply with all orders, this case will be subject to dismissal for failure to prosecute."  (ECF No. 13).  Plaintiff has failed to comply with the Court Order directing him to provide his discovery responses to Defendants no later than January 9, 2026.  Plaintiff has, therefore, failed to prosecute this matter.  Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

3

## IV.  CONCLUSION

Accordingly, it is RECOMMENDED that Plaintiff's Amended Complaint (ECF No. 10) be DISMISSED WITHOUT PREJUDICE.

*Referral Status*: This case should not remain referred because all matters have been recommended for dismissal in this Report and Recommendation.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 16th day of March 2026.

/s/ *Mark E. Ford*

HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE

4